UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

TIMOTHY EBNER,

    Plaintiff,

v.

PERLICK CORPORATION,

    Defendant.

**COMPLAINT**
Case Number: 2:21-cv-871

Plaintiff, Timothy Ebner, by and through his undersigned attorneys brings this Complaint against Defendant, Perlick Corporation, as follows:

### NATURE OF THE CASE

1. Plaintiff, Timothy Ebner, brings suit under the Employee Retirement Income Security Act of 1974, ("ERISA") [29 U.S.C. §1001 *et. seq.*] against Defendant, Perlick Corporation, to recover the monthly installments withheld by Perlick from Perlick's Cash Bonus and Deferred Compensation Plan.

### JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's ERISA claims is conferred on this Court by 28 U.S.C. §1331, and ERISA §502(e)(2); [29 U.S.C. §1132(e)].

3. The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. §1391 because Defendant resides in the Eastern District and Defendant's unlawful actions occurred in the Eastern District.

### CONDITIONS PRECEDENT

4. All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## PARTIES

5. Plaintiff, Timothy Ebner ("Ebner"), is an adult who resides at W148 N7606 Woodland Drive, Menomonee Falls, WI 53051.

6. Defendant Perlick Corporation ("Perlick") is a company incorporated under the laws of the State of Wisconsin engaged in an industry affecting commerce and has had significant and continuous business contacts throughout the State of Wisconsin. Perlick operates its principal place of business from its facility located at 8300 W. Good Hope Rd., Milwaukee WI 53223.

## OPERATIVE FACTS

7. Pursuant to the terms of Ebner's employment with Perlick, Ebner participated in Perlick's Cash Bonus and Deferred Compensation Plan dated January 25, 2012, which was Amended and Restated most recently on March 7, 2016 ("the Plan"). A true and accurate copy of the Plan document is annexed hereto as Exhibit A and incorporated herein by reference as if set forth with full particularity.

8. On or about March 8, 2019, Ebner resigned his employment with Perlick without "Cause", as defined by the Plan.

9. On or about June 30, 2019, Perlick began paying Ebner's monthly Plan benefit installments.

10. On or about March 2, 2021, Perlick unreasonably, arbitrarily and capriciously notified Ebner that it was terminating his monthly Plan benefit installments, falsely claiming that Ebner had engaged in conduct during his employment with Perlick that would constitute "Cause".

11. "Cause" is defined by the Plan as follows:

2

a. his or her termination due to (l) the diversion or attempted diversion by the Participant of business from Perlick for the Participant's personal gain or benefit, (2) the commission by the Participant of an act of dishonesty or moral turpitude involving Perlick, (3) the habitual use by the Participant of alcohol or narcotics which materially and adversely affects the Participant's performance of services for Perlick, (4) the conviction of the Participant of a felony or serious misdemeanor offense involving Perlick or pleading guilty or no contest to same, (5) the intentional or willful misconduct of the Participant which results in a material injury to Perlick, (6) the intentional or willful failure of the Participant to follow a specific and lawful directive of the Board of Directors of Perlick, provided such directive is consistent with the Participant's position with Perlick, or (7) a material breach by the Participant of any confidentiality, non-competition, non-solicitation or similar agreement.

12. Ebner did not engage in conduct during his employment with Perlick that would constitute "Cause".

13. Prior to bringing this suit, Ebner exhausted his administrative remedies pursuant to the Plan by appealing Perlick's decision to terminate his Plan benefits.

14. Perlick has failed to provide Ebner with copies of all documents, records, and other information relevant to his claim for benefits as required by 29 C.F.R. § 2560.503–1(h)(2)(iii).

15. Perlick's failure to provide Ebner with Plan documents has prejudiced Ebner in making a claim for Plan benefits and enforcing his ERISA rights.

16. Ebner has requested Perlick to renew his monthly Plan benefit installments.

17. Perlick has unreasonably, arbitrarily and capriciously refused to renew Ebner's monthly Plan benefit installments totaling $198,547.98.

18. Perlick's decisionmakers in the termination of Ebner's Plan have conflicts of interest.

19. Perlick's refusal to renew Ebner's monthly Plan benefit installments has caused Ebner to lose the benefits of his bargain, suffer tax liability, loss of income and interest, and to incur expenses in his efforts to collect his money.

20. Upon information and belief, Perlick has failed to apply the Plan provisions consistently with respect to similarly situated claimants.

### FIRST CLAIM FOR RELIEF
### ERISA § 502 (a)(1)(A)

21. As and for a first claim for relief, Plaintiff realleges the claims set forth above in paragraphs 1 through 20.

22. Perlick's failure to provide Ebner with Plan documents has prejudiced Ebner in making a claim for Plan benefits and enforcing his ERISA rights, violated 29 U.S.C. §1022; 29 C.F.R. § 2520.102–3; and, 29 C.F.R. § 2560.503-1(a) and (b).

### SECOND CLAIM FOR RELIEF
### ERISA § 502 (a)(1)(B)

23. As and for a second claim for relief, the Plaintiff realleges the allegations set forth above in paragraphs 1 through 20.

24. In this claim for relief, Ebner seek to enforce his personal rights to the money that Perlick ceased paying in the estimated amount of $198,547.98, pursuant to ERISA §502(a)(1)(B), [29 U.S.C. §1132(a)(1)(B)].

Plaintiff, Timothy Ebner demands relief as follows:

    A. Judgment against Perlick awarding Plaintiff his monthly Plan benefit installments totaling $198,547.98;

    B. Judgment against Perlick awarding Plaintiff compensation for his tax liability resulting from Perlick's non-payment;

    C. Judgment against Perlick awarding Plaintiff costs, disbursements, prejudgment interest, actual attorney's fees and expert witness fees

incurred in prosecuting this claim, together with interest on said fees, pursuant to the ERISA §502(g)(1), [29 U.S.C. §1132(g)]; and

D.     Such other relief as the Court deems just and equitable.

Dated this 26th day of July, 2021.

s/Alan C. Olson
Alan C. Olson, SBN 1008953
Kelsey R. S. Kerr, SBN: 1113700
Nicholas O. Yurk, SBN: 1095278
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com
